IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-425-FDW
(3:12-cr-399-FDW-1)

| | |
|---|---|
| VICTORIA FINNEY BREWTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Because Petitioner's motion is untimely and without merit, the Court will dismiss the motion to vacate.

I.  BACKGROUND

On January 4, 2013, Petitioner pleaded guilty, pursuant to a written plea agreement, to numerous counts of health care fraud, in violation of 18 U.S.C. § 1347 (Counts 2 to 7); conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347, 1349 (Count 1); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count 8); and filing a false income tax return, in violation of 26 U.S.C. § 7206(1). (Criminal Case No. 3:12-cr-399, Doc. No. 3: Plea Agreement; Doc. No. 6: Acceptance & Entry of Guilty Plea). On April 9, 2014, this Court sentenced Petitioner to 87 months on Counts 1 to 7, to run concurrently; to 24 months on Count 8, to run consecutively; and to 39 months on Count 9, to run concurrently, for a total term of 111 months of imprisonment. (Id., Doc. No. 25: Judgment). This Court entered judgment on May 15, 2014, and Petitioner did not appeal.

1

Petitioner placed the instant petition in the prison system for mailing on September 8, 2015, and the petition was stamp-filed in this Court on September 14, 2015. (Doc. No. 1). As her sole claim, Petitioner contends that she is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

2

As noted, judgment was entered on May 15, 2014, and Petitioner did not appeal. Petitioner's conviction, therefore, became final fourteen days later when her time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Because Petitioner filed her motion to vacate more than one year after her conviction became final, her motion is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) applies to render the petition timely.

In the section of her petition regarding timeliness, Petitioner argues that the petition is timely under § 2255(f)(3) because it was filed within one year of Johnson v. United States, which was issued on June 26, 2015. 135 S. Ct. 2551 (2015). Under the ACCA, a felon in possession of a firearm faces a more severe punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony." Id. at 2555. If a violator has three or more such convictions, the ACCA increases his prison term to a minimum of fifteen years and a maximum of life. Id. A "violent felony" under the ACCA is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . is burglary arson or extortion, involves use of explosives . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The last, more general, phrase—"conduct that presents a serious potential risk of physical injury to another"—is known as the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held that the residual clause to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563.

Petitioner asserts that she is entitled to relief under Johnson because she was sentenced as a career offender under U.S.S.G. § 4B1.2(a). She argues that because the language in §

3

4B1.2(a), defining the term "crime of violence," is almost identical to the language of the residual clause in the ACCA, she is entitled to relief under Johnson. Petitioner's claim fails for the simple reason that, contrary to her assertion, Petitioner was not sentenced as a career offender under U.S.S.G. § 4B1.1.[1] Thus, even assuming that Johnson applies retroactively on collateral review, Johnson simply does not apply to Petitioner, and her petition is therefore not timely under § 2255(f)(3), as she contends.[2] For this same reason, even if the petition were timely, Petitioner's sole claim—that she is entitled to relief under Johnson—is without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

---

[1] Before sentencing, Petitioner was given two additional points for her criminal history calculation based on her prior convictions for worthless check and misdemeanor larceny under U.S.S.G. § 4A1.1(d), which provides that "two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence . . . ." See (Crim. Case No. 12-cr-399, Doc. No. 20 at 15: PSR). Petitioner appears to contend that these two additional points meant that she was designated a career offender under U.S.S.G. § 4B1.1. Petitioner is simply incorrect.

[2] Moreover, the Johnson holding was confined to the residual clause of the ACCA, and it is unclear whether it applies to sentencing guidelines language that mirrors the language of the residual clause in the ACCA. See, e.g., United States v. Willis, 795 F.3d 986, 996 (9th Cir. 2015) (finding no distinction between the definition of "crime of violence" under U.S.S.G. § 4B1.2(a) and the residual clause of ACCA, but stating that the court had "not yet considered whether the due process concerns that led Johnson to invalidate the ACCA residual clause as void for vagueness are equally applicable to the Sentencing Guidelines").

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Frank D. Whitney
Chief United States District Judge