UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-608-FDW
(3:12-cr-399-FDW-1)

| | |
|---|---|
| VICTORIA FINNEY BREWTON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I.   BACKGROUND

Petitioner pled guilty to health care fraud conspiracy, six counts of health care fraud, aggravated identity theft, and filing a false income tax return in the underlying criminal case. (3:12-cv-399, Doc. Nos. 3, 6). The Court sentenced her to a total of 111 months' imprisonment followed by three years of supervised release. (3:12-cv-399, Doc. No. 25). She did not appeal.

On September 8, 2015, Petitioner filed a § 2255 Motion to Vacate that the Court dismissed with prejudice as time-barred, case number 3:15-cv-425. Brewton v. United States, 2015 WL 5821093 (Oct. 5, 2015).

While the § 2255 petition was pending, Petitioner filed a motion seeking sentence reduction pursuant to 18 U.S.C. § 3582 based on U.S. Sentencing Guideline Amendment 794. (3:12-cv-399, Doc. No. 30). The Court denied the § 3582 motion on October 21, 2016, and the Fourth Circuit Court of Appeals affirmed. United States v. Brewton, 684 Fed. Appx. 288 (4th Cir. 2017).

1

Petitioner filed the instant § 2255 Motion to Vacate, her second, on October 10, 2017. (Doc. No. 1).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument

presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner filed a previous § 2255 Motion to Vacate that was dismissed with prejudice as time-barred, which counts as a merits determination. See Fed. R. Civ. P. 41(b). She has now filed the instant § 2255 Motion to Vacate without having first obtained the Fourth Circuit's permission to file a second or successive § 2255 petition, and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge