UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-399-FDW-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | **ORDER** |
| v. | ) |  |
|  | ) |  |
| **VICTORIA FINNEY BREWTON,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |
| _____ | ) |  |

**THIS MATTER** comes before the Court on Defendant's *pro se* "Motion for Reconsideration of the Application of Amendment 794 Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 37), and "Motion to Correct District Court's Improper Characterization of Petitioner's Motion," (Doc. No. 40).

Defendant filed a § 2255 petition in September 2015 that was opened as a new civil case, 3:15-cv-425, and was denied as time-barred and meritless on October 5, 2015. See (Doc. No. 28); Brewton v. United States, 2015 WL 5821093 (W.D.N.C. Oct. 5, 2015). She did not appeal.

On September 23, 2016, Defendant filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 Amendment 794 Amended Sentencing Guideline 3B1.2," in which she sought a two-point role reduction as a minor participant. (Doc. No. 30). The Court denied the Motion on October 21, 2016, because: (1) Amendment 794 is not retroactive; (2) Defendant did not raise this claim on direct appeal and already filed one unsuccessful § 2255 petition; and (3) even if Amendment 794 could be applied retroactively, Defendant would not qualify for a minor role

reduction because her conduct was not minor or minimal. The Fourth Circuit affirmed on April 4, 2017. United States v. Brewton, 684 Fed. Appx. 288 (4th Cir. 2017).

In the Motion for Reconsideration filed on March 26, 2018, Defendant argues that Amendment 794 is a clarifying amendment under which the Court can grant relief regardless of precedent and that her Motion for Sentence Reduction should be granted based on recent case law and her role in the offense.

In the Motion to Correct filed on August 21, 2018, Defendant appears to argue that the Court improperly construed her § 3582 Motion for a Sentence Reduction as a § 2255 Motion to Vacate without first providing with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003).

As a preliminary matter, Defendant fails to identify the legal vehicle under which she is attempting to seek relief with regards to either of the pending Motions. She already appealed the Court's denial of her § 3582 Motion for a Sentence Reduction based on Amendment 794. To the extent Defendant asserts a claim that could have been raised on the appeal of the denial of her Motion for Sentence Reduction, such a claim is barred because her appeal is now final. To the extent she believes that new grounds for reducing her sentence exist, the appropriate means for raising such a claim is by filing a post-conviction motion raising that claim rather than in a motion for reconsideration.

Moreover, Defendant's Motion to Correct is factually and legally baseless. The Court did not construe her § 3582 Motion as a § 2255 petition. It denied the Motion for Sentence Reduction because Amendment 794 is inapplicable. The fact that the Court noted that Defendant already filed a direct appeal and § 2255 petition did not transform her Motion for Sentence Reduction into a § 2255 petition. Even if the Court had recharacterized the Motion for Sentence Reduction into a §

2255 petition, it would not have needed to provide <u>Castro</u> warnings before doing so. <u>Castro</u> warnings are only needed before an *initial* § 2255 petition is recharacterized to protect unsuspecting petitioners from § 2255's bar on second or successive petitions. Defendant had already filed a § 2255 petition that was denied on the merits so, even if the Court had wanted to recharacterize Defendant's Motion for Sentence Reduction, it would not have needed to provide <u>Castro</u> warnings before doing so.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Reconsideration of the Application of Amendment 794 Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 37), is **DENIED**.

2. Petitioner's "Motion to Correct District Court's Improper Characterization of Petitioner's Motion," (Doc. No. 40), is **DENIED**.

Signed: August 28, 2018

Frank D. Whitney
Chief United States District Judge