UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-399-FDW-1

| VICTORIA FINNEY BREWTON, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion of Inquiry, (Doc. No. 42), in which she asks the Court to review her restitution order and sentencing guidelines calculation in light of Honeycutt v. United States, 137 S.Ct. 1626 (2017). The Government has filed a Response in opposition to Defendant's motion. (Doc. No. 43).

**I. BACKGROUND**

Defendant pled guilty to health care fraud conspiracy, six counts of health care fraud, aggravated identity theft, and filing a false income tax return. See (Doc. Nos. 1, 3). The parties agreed in a written plea agreement to jointly recommend a loss amount in excess of $7,000,000 but less than $20,000,000. (Doc. No. 3 at 2). Plaintiff agreed to pay "full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by defendant's 'relevant conduct,' including conduct pertaining to any dismissed counts or uncharged conduct … regardless of whether such conduct constitutes an 'offense'…." (Doc. No. 3 at 3). She acknowledged that "such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea." (Id.). Defendant waived her appellate and post-conviction rights except for claims of ineffective

1

assistance of counsel or prosecutorial misconduct. (Doc. No. 3 at 5).

The Presentence Investigation Report ("PSR") reflects a total loss estimate for the health care fraud offenses as $7,070,426.52, and for the tax offense of $573,392.80. (Doc. No. 20 at ¶¶ 34-38, 139-40). The Court adopted the PSR without change and, in a Judgment entered on May 15, 2014, sentenced Defendant to a total of 111 months' imprisonment and imposed $7,643,819.32 in joint and several restitution. (Doc. No. 25). Defendant did not appeal.

Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on September 14, 2015, case number 3:15-cv-425, that the Court dismissed with prejudice as time-barred. Brewton v. United States, 2015 WL 5821093 (W.D.N.C. Oct. 5, 2015).

On September 23, 2016, Defendant filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 in which she sought relief under Amendment 794 of the Sentencing Guidelines. (Doc. No. 30). The Court denied relief on October 21, 2016, and the Fourth Circuit Court of Appeals affirmed. United States v. Brewton, 684 Fed. Appx. 288 (4th Cir. 2017).

Defendant filed a second § 2255 Motion to Vacate on October 10, 2017, case number 3:17-cv-608. She argued, *inter alia*, that the sentence and forfeiture order should be vacated pursuant to Honeycutt. The Court dismissed the petition as an unauthorized second or successive § 2255 petition for lack of jurisdiction. Brewton v. United States, 2018 WL 1934076 (W.D.N.C. April 24, 2018).

Defendant filed the instant Motion of Inquiry on October 1, 2018. She argues that joint and several restitution violates Honeycutt and that the sentencing guidelines range should be recalculated based on a lower restitution amount.

**II.     DISCUSSION**

**(1)     Restitution Order**

Defendant seeks relief from her joint and several restitution order pursuant to Honeycutt. In that case, the Supreme Court addressed forfeiture under 21 U.S.C. § 853(a)(1), which provides for joint and several liability for coconspirators in certain drug crimes. Id. 137 S.Ct. at 1630.

Assuming *arguendo* that Honeycutt applies to health care fraud cases like Defendant's, that case does not aid her because she did not file a direct appeal and there is no procedural avenue for her to now challenge the restitution order.

The Court entered the Judgment, including the restitution order, on May 15, 2014. Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant."). A notice of appeal had to be filed within 14 days of entry of the Judgment. Fed. R. App. P. 4(b)(1); Fed. R. Crim. P. 32.2(b)(4)(C). Defendant did not appeal the Judgment, the time for doing so has expired, and the restitution order is final. See Fed. R. Crim. P. 32.2; Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (an order is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). The time to file a direct appeal has expired and the Federal Rules of Criminal Procedure do not provide for an untimely attack on the restitution order. Compare United States v. Chittenden, 896 F.3d 633 (4th Cir. 2018) (applying Honeycutt to 18 U.S.C. § 982(a)(2) to the case which was pending on certiorari when Honeycutt was issued) with United States v. Alquza, 722 Fed. Appx. 348 (4th Cir. 2018) (affirming the dismissal of an untimely criminal motion seeking review of a forfeiture order pursuant to Honeycutt).

Nor can this claim be raised in a motion for collateral relief. Challenges to restitution orders are not cognizable in petitions filed under either § 2241 or 2255. See generally 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress **claiming the**

3

**right to be released** … may move the court which imposed the sentence to vacate, set aside, or correct the sentence.") (emphasis added); Fontanez v. O'Brien, 807 F.3d 84 (4th Cir. 2015) (distinguishing a § 2241 petition challenging the validity of the restitution order, which is not cognizable under § 2241, from a challenge to the execution of the restitution portion of the sentence, which is cognizable under § 2241). Moreover, Defendant's plea agreement waived collateral attacks except for claims of ineffective assistance of counsel and prosecutorial misconduct, neither of which is at issue here. See generally United States v. Cohen, 459 F.3d 490, 500 (4th Cir. 2006) (a defendant's challenge to the amount of a restitution order can be waived pursuant to an appeal waiver in the plea agreement). Finally, Defendant has already sought relief pursuant to § 2255 and her petition was dismissed with prejudice as time-barred, which is an adjudication on the merits. See Rudisill v. United States, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). The Court lacks jurisdiction over a successive § 2255 petition absent leave from the Fourth Circuit, which Defendant does not allege to have obtained. See 28 U.S.C. § 2255(h) (addressing authorization to file a second or successive § 2255 petition).

Defendant's attack on the restitution order based on Honeycutt is therefore dismissed with prejudice as time-barred and, alternatively, for lack of jurisdiction.

**(2)** **Sentencing Guidelines**

Defendant also appears to argue that the sentencing guidelines range should be recalculated based on a reduced loss amount under Honeycutt.

This claim is in the nature of a § 2255 Motion to Vacate. However, liberally construing it as such would be unavailing because such a petition would be successive, waived, and non-cognizable on § 2255 review. See Section (1), *supra*. Moreover, Honeycutt is factually

4

inapplicable because that case addresses only the calculation of restitution and not the loss amount for purposes of determining the advisory sentencing guidelines range.

Therefore, Petitioner's attempt to challenge to her sentencing guideline calculation will be dismissed and denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion of Inquiry, (Doc. No. 42), is **DISMISSED** with prejudice and **DENIED**.

Signed: October 17, 2018

_____
Frank D. Whitney
Chief United States District Judge